IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

WILLIAM C. ROBINSON and
MARGARETTE ROBINSON, PLAINTIFFS,

VS. CIVIL ACTION NO. 2:08CV216-P-S

NATIONWIDE TRUSTEE SERVICES, INC., DEFENDANT.

## ORDER

This matter comes before the court upon the plaintiff's August 6, 2009 motion to reconsider [7] this court's March 3, 2009 Final Judgment dismissing this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). After due consideration of the motion, the court finds as follows, to-wit:

The plaintiffs filed this action *pro se* on July 15, 2008 in the Chancery Court of DeSoto County, Mississippi. The defendant removed the action to federal court on October 7, 2008. On March 3, 2009 – some five months after this matter was removed with no further activity on the docket – the court entered its Final Judgment on this matter on its own motion for the plaintiff's failure to prosecute. On August 6, 2009 – almost five months after the court entered its Final Judgment – the plaintiffs filed the instant motion to reconsider. In the instant motion, the plaintiff states that they were "unable to prosecute due to illness and other legal matters" without supporting evidence. Even had there been supporting evidence attached, the plaintiffs failed to contact the court for additional time during the first and second five-month periods with no activity on the docket.

A Rule 59(e) motion for reconsideration "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002). The Fifth Circuit Court of Appeals has held that motions to reconsider are not the proper vehicle for rehashing evidence, legal theories,

1

or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Rather, Rule 59(e) motions "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La.2000) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice & Procedure § 2810.1, at 124 (2d ed.1995)).

The plaintiffs have established no manifest errors of law or fact in the court's Final Judgment, nor have they presented a reason that justifies their failure to prosecute their case diligently.

**IT IS THEREFORE ORDERED AND ADJUDGED** that plaintiff's August 6, 2009 motion to reconsider [7] is **DENIED**.

**SO ORDERED** this the 22nd day of September, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE